UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BARBARA FRYE, on behalf of A.O.

                  Plaintiff,

                                    5:10-CV-0098
v.                                 (GTS/ATB)

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                  Defendant.
_____

APPEARANCES:                           OF COUNSEL:

OLINSKY & SHURTLIFF, LLP            JAYA SHURTLIFF, ESQ.
  Counsel for Plaintiff
300 South State Street, 5th Floor
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION    DENNIS J. CANNING, ESQ.
OFFICE OF REGIONAL GEN. COUNSEL    MARIA FRAGASSI SANTANGELO, ESQ.
  Counsel for Defendant               ELLEN E. SOVERN, ESQ.
26 Federal Plaza - Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court, in this action filed by Barbara Frye on behalf of A.O.

("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to

42 U.S.C. § 405(g) seeking Social Security benefits, are the following: (1) Plaintiff's motion for

remand (Dkt. No. 11); (2) Defendant's motion for judgment on the pleadings (Dkt. No. 15); (3)

the Report-Recommendation of United States Magistrate Judge Andrew T. Baxter, issued

pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this

Court, recommending that Defendant's decision denying Social Security benefits to Plaintiff be

affirmed and that Plaintiff's Complaint be dismissed (Dkt. No. 17); and (4) Plaintiff's Objections

to the Report-Recommendation (Dkt. No. 18).  For the reasons set forth below, Plaintiff's

Objections are rejected; Magistrate Judge Baxter's Report-Recommendation is accepted and

adopted in its entirety; Plaintiff's motion for remand is denied; Defendant's motion for judgment

on the pleadings is granted; and Plaintiff's Complaint is dismissed.

## I.    RELEVANT BACKGROUND

### A.    Procedural History

Because neither party has objected to the to Part I of Magistrate Judge Baxter's Report-

Recommendation, setting forth the procedural background of this action, the Court adopts that

description of this action's procedural background.  (*See generally* Dkt. No. 17, at 1-2 [Report-

Rec].)

On January 8, 2007, Plaintiff applied for supplemental security income ("SSI") based on

A.O.'s social interaction, learning, and behavioral difficulties.  (*See* Administrative Transcript

["T."] at 100-102.)[1]  On May 9, 2007, her application was denied by the Social Security

Administration.  (T. at 71-74.)  Plaintiff timely appealed the denial, and, on June 30, 2009, a

hearing was held before an Administrative Law Judge ("ALJ") of the Social Security

Administration. (T. at 9-52.)

In his decision, the ALJ applied the three-step evaluation process for determining

whether a child can meet the statutory definition of disability.  "The first step of the test requires

---

[1]       "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'"  *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

a determination of whether the child has engaged in substantial gainful activity." *Rossi v. Comm'r of Soc. Sec.*, 10-CV-0097, 2010 WL 5313771, at *3 (N.D.N.Y. Dec. 2, 2010) (Baxter, M.J.) (citing 20 C .F.R. § 416.924[b]; *Kittles ex rel. Lawton v. Barnhart*, 245 F. Supp.2d 479, 487-88 [E.D.N.Y. 2003]).  "If so, then by statute and by regulation, the child is ineligible for SSI benefits." *Rossi*, 2010 WL 5313771, at *3 (citing 42 U.S.C. § 1382c[a][3][C][ii]; 20 C.F.R. § 416.924[b]).  "If the claimant has not engaged in substantial gainful activity, the second step of the test requires examination of whether the child suffers from one or more medically determinable impairments that, either alone or in combination, are properly regarded as 'severe,' in that they cause more than a minimal functional limitation." *Id*.  "If the child if found to have a severe impairment, the Commissioner must then determine, at the third step, whether the impairment meets or equals a presumptively disabling condition identified in the listing of impairments set forth in 20 C.F.R. Pt. 404, Subpt. P., App. 1." *Id*.[2]

---

[2]    "Equivalence to a listing can be either medical or functional." *Rossi*, 2010 WL 5313771, at *3.  "If an impairment is found to meet, or qualify as medically or functionally equivalent to, a listed disability, and the twelve-month durational requirement is satisfied, the claimant will be found to be disabled." *Id*.  "'Functional' equivalence must be examined only if it is determined that the claimant's impairment does not meet or medically equal the criteria for a listed impairment." *Id*. "Analysis of functionality is informed by considering how a claimant functions in six main areas referred to as 'domains.'" *Id*.  "The domains are described as 'broad areas of functioning intended to capture all of what a child can or cannot do.'" *Id*. (quoting 20 C.F.R. § 416.926a[b][1]).  "Those domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being." *Id*. (citing 20 C.F.R. § 416.926a[b][1]).  "Functional equivalence is established by a finding of an 'extreme' limitation, meaning 'more than marked,' in a single domain." *Id*. (quoting, *inter alia*, 20 C.F.R. § 416.926a[a]).  "An 'extreme limitation' is an impairment which 'interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities.'" *Id*. (quoting 20 C.F.R. § 416.926a[e][3][i]).  "Alternatively, a finding of disability is warranted if a 'marked' limitation is found in any two of the listed domains." *Id*. (quoting 20 C.F.R. § 416.926a[a]).  "A 'marked limitation' exists when the impairment 'interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities.'" *Id*. (quoting 20 C.F.R. §

After applying the above-described three-step evaluation process, the ALJ concluded that A.O. was not disabled.  (Dkt. No. 17.)  More specifically, in reaching this conclusion, the ALJ made the following findings: (1) A.O. was a school-age child from the date of the SSI application on January 8, 2007 through the date of the administrative decision on September 2, 2009; (2) A.O. had not engaged in substantial gainful activity at any time relevant to the administrative decision; (3) A.O. suffered from a number of "severe" impairments, including attention deficit hyperactivity disorder, oppositional defiant disorder, parent-child relational problem, learning disability, and motor tics; (4) A.O. did not have any impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; and (5) A.O. did not have any impairment that functionally equaled the listings because he had no limitation in moving about and manipulating objects and less than marked limitations in the other five relevant childhood "domains."

Plaintiff appealed from the ALJ's decision to the Social Security Administration's Appeals Council.  (T. at 1-4.)  On December 22, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant.  (*Id*.)  On January 27, 2009, Plaintiff commenced this action in this Court.  (Dkt. No. 1.)

Generally, in her brief in support of her motion for remand, Plaintiff asserts the following arguments: (1) the ALJ's determination that A.O. did not meet any listing requirement was not supported by substantial evidence, and the ALJ failed to develop the record by not making

---

416.926a[e][2][I]).  "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(C).

reasonable attempts to obtain formal opinions from two treating physicians regarding the listings and functional equivalence analysis; (2) the ALJ did not apply the appropriate legal standards in evaluating Plaintiff's credibility with respect to her statements about the intensity, persistence, and limiting effects of A.O.'s symptoms; and (3) the ALJ erred when he found that A.O.'s impairments were not functionally equivalent to a listed impairment.  (Dkt. No. 11.)

Generally, in his brief in opposition to Plaintiff's motion, and in support of his own motion, Defendant disagrees with each of these three arguments, and argues that the decision finding Plaintiff not disabled should be affirmed.  (Dkt. No. 15.)

### B.    Magistrate Judge Baxter's Report-Recommendation

On June 30, 2010, Magistrate Judge Baxter issued a Report-Recommendation recommending that Defendant's decision denying Social Security benefits be affirmed and the Complaint be dismissed.  (Dkt. No. 17.)  Generally, in support of his recommendation, Magistrate Judge Baxter found as follows: (1) the ALJ's finding that A.O. did not meet the listing for 112.11 (ADHD) or 112.07 (Somatoform, Eating and Tic Disorders) was supported by substantial evidence; (2) the ALJ's finding that A.O. did not have an impairment or combination of impairments that functionally equals a listing was supported by substantial evidence; (3) the ALJ's credibility analysis was supported by substantial evidence; and (4) the ALJ properly developed the record.  (Dkt. No. 16.)

### C.    Plaintiff's Objections to the Report-Recommendation

On July 14, 2010, Plaintiff timely filed her Objections to the Report-Recommendation. (Dkt. No. 18.)  Generally, in her Objections, Plaintiff argues that the Court should reject the Report-Recommendation for the following reasons: (1) the Magistrate Judge erred when he

articulated reasons for the ALJ's decision regarding whether or not A.O.'s impairments were of

the severity to meet a Listing; (2) the Magistrate Judge's rationale regarding listings is not

supported by the substantial evidence in the record; (3) the Magistrate Judge erred in affirming

the ALJ's determination that A.O. does not functionally equal the Listings; (4) the Magistrate

Judge erred in affirming the ALJ's credibility assessment; and (5) the Magistrate Judge erred

when he found that the ALJ did not fail to develop the record due to "extensive opportunities"

given to Plaintiff's counsel.  (*Id*.)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review of Magistrate Judge Baxter's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the

Court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).[3]  When

only general objections are made to a magistrate judge's report-recommendation, or where the

objecting party merely reiterates the same arguments made in its original papers submitted to the

magistrate judge, the Court reviews the report-recommendation for clear error or manifest

injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22,

---

[3]        On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C.
§ 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material
that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See,
e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a
magistrate's report before the district court, a party has no right to present further testimony
when it offers no justification for not offering the testimony at the hearing before the
magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v.
Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its
discretion in denying plaintiff's request to present additional testimony where plaintiff "offered
no justification for not offering the testimony at the hearing before the magistrate").

1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4]

Similarly, when a party makes no objection to a portion of a report-recommendation, the Court

reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826,

1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R.

Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing

the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B.    Standard Governing Judicial Review of Defendant's Decision

In Part V of his Report-Recommendation, Magistrate Judge Baxter correctly recited the

legal standard governing judicial review of Defendant's decision.  (Dkt. No.16, at 11-12).  As a

result, this standard is incorporated by reference in this Decision and Order, which is intended

primarily for the review of the parties.

## III.    ANALYSIS

As an initial matter, even when construed with the utmost of liberality, Plaintiff's third,

fourth and fifth arguments in her Objections fail to specifically address Magistrate Judge

Baxter's recommendations.  (Dkt. No. 18.)  Instead, these argument simply reiterate arguments,

presented in Plaintiff's papers submitted to Magistrate Judge Baxter, as to why the ALJ's

---

[4]      *See also Camardo v. Gen. Motors Hourly-Rate Empl. Pension Plan*, 806 F. Supp.
380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely
constitute a "rehashing" of the same arguments and positions taken in original papers submitted
to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL
3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,
07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte
v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,
J.).

findings and conclusions were in error.  (*Id*.)  For the reasons explained above in Part II.A. of this Decision and Order, the Court need review the portions of the Report-Recommendation regarding these arguments only for clear error.

After doing so, the Court concludes that Magistrate Judge Baxter's thorough Report-Recommendation regarding these arguments is correct in all respects.  Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (Dkt. No. 17.)  The Court would add only that the portions of Magistrate Judge Baxter's Report-Recommendation that address Plaintiff's third, fourth and fifth arguments would survive even a *de novo* review.

Turning to Plaintiff's first and second arguments, the Court finds that these Objections are specific in nature.  (Dkt. No. 18.)  As a result, the Court reviews these arguments *de novo*.

In support of Plaintiff's first argument (i.e., her argument that Magistrate Judge Baxter erred when he articulated reasons for the ALJ's decision regarding whether or not A.O.'s impairments were of the severity to meet a Listing), she argues that, contrary to Magistrate Judge Baxter's finding, the ALJ did in fact articulate a direct rationale for his listing determination–the "outdated" opinion of non-examining State agency psychiatrist Dr. Prowda.  (*Id*.)  As a result, Plaintiff argues that it was incorrect for Magistrate Judge Baxter to apply the principle set forth in *Salmini v. Comm'r of Soc. Sec*., 371 F. App'x 109, 112, 2010 WL 1170133 (2d Cir. Mar. 25, 2010), and find that the ALJ's decision was supported by substantial evidence.  (*Id*.)

As an initial matter, Magistrate Judge Baxter clearly recognized in his "Listing Analysis" that the ALJ relied on the opinion of non-examining State agency psychiatrist Dr. Prowda in reaching his conclusion that A.O. did not have any condition that met or medically equaled a

listing impairment.  (Dkt. No. 17.)  Moreover, Plaintiff is incorrect to say that *Salmini* is "distinct from the present case" because the ALJ relied *exclusively* on Dr. Prowda's opinion in reaching his decision.  Here, as in *Salmini*, "although the ALJ might have been more specific in detailing the reasons for concluding that [A.O.]'s condition did not satisfy a listed impairment, other portions of the ALJ's detailed decision . . . demonstrate that substantial evidence supports this part of the ALJ's determination."  *Salmini*, 371 F. App'x at 112-13.  For example, the ALJ also relied on (1) the findings of Dr. Sanchez, the psychiatrist at Oswego Hospital who treated A.O. prior to the administrative hearing, (2) observations from A.O.'s teacher on June 4, 2009, and (3) other credible medical reports.  Simply put, there exists in the record substantial evidence that A.O. did not have any condition that met or medically equaled a listing impairment, and the Court rejects Plaintiff's argument that Magistrate Judge Baxter articulated reasons for the ALJ's decision beyond the grounds set forth by the ALJ.

In support of Plaintiff's second argument (i.e., her argument that Magistrate Judge Baxter's rationale regarding listings is not supported by substantial evidence), she points to the following evidence: (1) observations by School Psychologist Edick that A.O. had trouble settling down, moved about quickly between activities, and had trouble interacting with peers; (2) testing results from July 25, 2005; (3) an IEP from June 13, 2006, which indicated that A.O. required one-to-one adult support, modeling and supervision in order to remain in groups and complete activities; (4) the fact that consultative examiner Kristen Barry, Ph.D, who administered testing to A.O. on February 27, 2007, noted that A.O. had difficulty attending to task without a high amount of structure and some redirection; and (5) the fact that A.O.'s first grade teacher noted that A.O. has "a very serious problem" focusing long enough to finish assigned activity, and a "serious problem" carrying out multi-step instructions.  (Dkt. No. 18.)

Certainly, the evidence cited by Plaintiff is evidence of inattention, and arguably some degree of impulsiveness and hyperactivity.  However, as Magistrate Judge Baxter correctly noted in his Report-Recommendation, to meet or medically equal the first criteria of the listing for ADHD, there must be substantial evidence that A.O. has *marked* inattention, impulsiveness, *and* hyperactivity.  (Dkt. No. 17.)[5]  Here, Plaintiff overlooks the findings of Dr. Sanchez, who observed that, after changing medications, A.O. was only "mildly" hyperactive and had "mildly impaired" impulse control.  In addition, while A.O.'s teacher *may* have provided some evidence that A.O. is inattentive,[6] he also provided evidence that A.O. was not impulsive or hyperactive.[7]  In other words, there is indeed substantial evidence in the record supporting the ALJ's finding that A.O. did not have marked inattention, impulsiveness, and hyperactivity.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 17) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for remand (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

---

[5]       Contrary to Plaintiff's argument, Magistrate Judge Baxter also correctly noted the educational context under which A.O. was taught, and considered the significant improvements realized by A.O., as reflected in the educational records.  (Dkt. No. 17.)

[6]       A.O.'s teacher also observed that A.O. had no problem or only a slight problem paying attention when spoken to directly, when playing and/or engaging in sports activities, when carrying out single-step instructions, or when completing assignments.

[7]       It is worth noting that the observations of Dr. Sanchez and A.O.'s teacher are more recent in time than are the findings, observations and opinions on which Plaintiff relies to support her position.

      **ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it

is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 31, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge